## SANDERS v. SANDERS.

Where the plaintiff alleges in his complaint the delivery of a note, and that no part has been paid, except, &c., it is necessary for him to prove the credits so charged, unless admitted by defendant. Where, therefore, the defendant in his answer denies the correctness of the alleged payment, claiming further credits to an amount sufficient to extinguish the note, he has not so admitted the plaintiff's cause by the pleadings as to entitle him to open and reply in evidence and argument.

Before FRASER, J., Barnwell, November, 1887.

This was an action by J. F. Sanders, as executor of Wilson Sanders, deceased, against F. J. Sanders. Verdict was for plaintiff, and defendant appealed.

*Mr. Robert Aldrich,* for appellant.

The allegation in the complaint that no part of the note had been paid, except $174, was an immaterial averment ; and if the answer had set forth nothing else except its admissions, the plaintiff would have been entitled to judgment without evidence or argument. The allegation of further credits was an affirmative defence of payment. Therefore defendant was entitled to open and reply. 17 *S. C.,* 484; *Rules of Circuit Court,* No. 49.

*Mr. J. C. Davant,* contra, cited the same rule of court, and also *Pom. Rem.,* §§ 614, 593; 20 *S. C.,* 433.

February 28, 1889. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action by the plaintiff as executor upon a note given to his testator in his life-time for $370.68. The complaint, after stating the death of testator, and that letters testamentary had been granted to the plaintiff, alleged as follows : "That no part of said note has been paid, except $174, to the plaintiff; wherefore this plaintiff demands judgment against the defendant for $335.80, with interest from December 25, 1879." The defendant answered, admitting all the allegations of the complaint, except that as to the amount stated to have been paid ; as to which he alleges "that heretofore, on December 25, 1879, he paid upon said note to J. F. Sanders, executor, as aforesaid, the sum of $350, which was duly credited upon said note at the time, which, after allowing a proper deduction for a partial failure of the consideration of the note (unsoundness of a mule), more than paid the note in full, to the amount of $52.12." For a second defence, a counter-claim for board of himself and horse, &c., to the amount of $113, and claimed judgment for both sums, viz., $52.12, and the counter-claim, $113.

Upon the pleadings being read, the defendant's attorney claimed the right to open and close in evidence and argument, which was not allowed by the judge ; and he now appeals to this court upon the ground "that the defendant, having so fully admitted the plaintiff's case by his answer as to entitle the plaintiff, in the absence of affirmative defence, to his judgment, was entitled to open and reply in evidence and argument, as claimed by him upon the trial, and the denial of this right to the defendant, as it is respectfully submitted, was error," &c.

It is somewhat remarkable—possibly showing the value attached to the privilege—that the question as to the right to open and reply should have arisen so often under a rule of court so long established, and in its terms seemingly so plain. The rule is as follows : "And on all motions or special matters, either springing out of a cause or otherwise, the actor or party submitting the same to the court shall, in like manner, begin and close ; and so shall the defendant, where he admits the plaintiff's cause by the pleadings, and takes upon himself the burden of proof, have the like privilege." The only question was whether the

defendant in his answer "admitted the plaintiff's cause." It is true, the character in which the plaintiff sued, as well as the execution of the note, were admitted, but was that the whole of "the plaintiff's cause"? The complaint alleged also that only a part of the note had been paid, leaving unpaid and still due a balance of $350.80, and interest. This allegation was certainly not admitted, but, on the contrary, the answer denied expressly that it was due and owing, but insisted that it had been paid in full. In this state of the pleadings we cannot agree that if the case had gone to the jury without evidence on either side, the plaintiff would have been entitled to the verdict, that being claimed as the test of the defendant's right to open and reply, according to the case of *Boyce* v. *Lake*, 17 S. C., 484. This case, cited by the appellant, does not, as it seems to us, support his view; for it holds "that the 49th rule of the Circuit Court entitles the defendant to open and reply, when he admits the plaintiff's whole case; when the admission is so full, as upon that alone, in the absence of other defence, the plaintiff would be entitled to the judgment."

As it seems to us, the plaintiff's whole case, as stated in the complaint, was not so admitted as to entitle him to the verdict; but, on the contrary, it was denied, and upon the pleadings the verdict would be for the defendant. It was necessary, in order to sustain his case, that the plaintiff should make proof at least as to the credits. As was said by Denman, Chief Justice, in the case of *Mercer* v. *Whall*, 5 Ad. & E. (N. S.), 447: "The law, however, has, by some, been supposed to require that the defendant, by admitting the cause of action stated on the record and pleading only some affirmative fact, which, if proved, will defeat the plaintiff's action, may entitle himself to open the proceeding at the trial. * * * I have never doubted that the plaintiff was privileged and required to begin whenever anything was to be proved by him. The simplicity and easy application of this mode of practice would recommend it to adoption, if the question were new, and would raise a great probability that the common sense of old times had sanctioned it as a part of our system." See *Burckhalter* v. *Coward*, 16 S. C., 443, and *McConnell* v. *Kitchens*, 20 S. C., 430.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.